# NEW YORK COMMON PLEAS.

## DANIEL BROWN and others agt. THE METROPOLITAN GAS-LIGHT COMPANY.

Where the object of the action by the plaintiffs, for an *injunction*, is to prevent the defendants from dispossessing them for non-payment of rent, and from collecting rent which has become due, and for which a draft has been given, the injunction cannot be sustained—no fraud, surprise or undue advantage being shown.

Plaintiffs have remedies *at law* which are entirely adequate to their emergencies. If any counter-claim exists to the draft, it can be set up in any action brought to compel its payment; and if any proceeding for the non-payment of rent by the defendants be adopted against the plaintiffs, the payment of the rent would not debar the plaintiffs from securing any debt of a similar character due from the defendants, it appearing that they are entirely solvent.

*Special Term, November* 1869.

MOTION for an injunction to restrain defendants from taking proceedings to collect or sue for rent, or to dispossess a tenant for non-payment of rent.

ALGERNON S SULLIVAN, *for motion.*

HOOPER C. VAN VORST, *opposed.*

BRADY J. In this case the interposition of this court by injunction was unnecessary. The defendants have a valid claim against the plaintiffs.

The plaintiffs, assuming their statement to be true, have a counter claim against the defendants, for which they have a legal remedy, and which can be collected if established, because it appears that the defendants are entirely solvent.

The averments of the plaintiffs of a hiring by the defendants from them, and upon which the counter claim rests, are denied, and some proof is added to the denial which

sustains it inferentially. It is not necessary, however, to consider here in detail the evidence submitted on behalf of the parties, bearing upon the alleged claim of the plaintiffs, by which they seek to relieve themselves from liability.

It is enough that it appears that the plaintiffs can enforce their remedy at law, and will not be injured if left to pursue it, inasmuch as the defendants are perfectly solvent.

The object which the plaintiffs seek to accomplish, is to prevent the defendants from dispossessing them for non-payment of rent, and from collecting rent which has become due, and for which a draft has been given. If any counter-claim in fact exist to the draft, it can be set up in any action brought to compel its payment, and if any proceeding for the non-payment of rent by the defendants be adopted against the plaintiffs, the payment of the rent would not debar the plaintiffs from securing any debt of a similar character due from the defendants.

If such a defense be not good in summary proceedings for non-payment of rent, then the payment is without prejudice, and if it be a good defense, then the plaintiffs can interpose and sustain it there. To arrest proceedings of the kind mentioned, there must be fraud, surprise, or undue advantage, *May* agt. *James*, (37 *How.*, *Pr. R.*, 52 ;) and the circumstances disclosed in this case, do not constitute any of these elements.

The defendants are abundantly responsible, and the plaintiffs are protected by that circumstance from perils which might otherwise exist.

I have to some extent in these observations assumed that the plaintiff's case was made out, but I think it, nevertheless, of doubtful import on the papers submitted; sufficient doubt is thrown upon it to warrant the dissolution of the injunction, but I do not place that result on such a conclusion. I think the plaintiffs have remedies at law which are entirely adequate to their emergencies, that they cannot be injured in such sense as requires the exercise of the

power of the court by injunction, if the defendants are permitted to proceed with their lawful demands, and that the defendants being solvent the plaintiffs are deprived of the only available element to justify an injunction.

Ordered accordingly.